# EXHIBIT 1

ORIGINAL

FINKELSTEIN & KRINSK LLP
John J. Nelson, Esq. (SBN 317598)
jjn@classactionlaw.com
501 West Broadway, Suite 1260
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

*Attorneys for Plaintiff
and the Putative Class*

**FILED**
Superior Court of California
County of Los Angeles

**AUG 07 2020**

Sherri R. Carter, Executive Officer/Clerk of Court
By_____Tanya Herrera_____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| **JASON ROTHMAN**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**EQUINOX HOLDINGS, INC.** and **DOES 1 through 100**, inclusive,<br><br>Defendants. | Case No.: **20STCV30063**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§1750. *et seq.*<br>(2) False Advertising (Cal. Bus. & Prof. Code §§17500, *et seq.*)<br>(3) Fraudulent Business Practices (Cal. Bus. & Prof. Code §§17200, *et seq.*)<br>(4) Unfair Advertising (Cal. Bus. & Prof. Code §§17200, *et seq.*)<br>(5) Unlawful Business Practices (Cal. Bus. & Prof. Code §§17200, *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Jason Rothman, on behalf of himself and all others similarly situated, asserts this class action against defendants Equinox Holdings, Inc. (referred to herein as "Defendant" or "Equinox") and Does 1-100 (collectively referred to herein as "Defendants"), and alleges as follows:

## I. INTRODUCTION

1. Defendant Equinox Holdings, Inc., through its subsidiaries, (the "Subsidiary Clubs") provides fitness services such as yoga classes, studio cycling, cardio exercises, martial arts, spa, and personal training at their Equinox-branded Fitness Clubs and hotels throughout the United States. Defendant Equinox Holdings, Inc. oversees the operations of Equinox-branded Fitness Clubs throughout the State of California.

2. To access an Equinox-branded Fitness Clubs in California, consumers must sign a standard and uniform Equinox Membership Agreement at one of the Subsidiary Clubs. An Equinox Membership allows members access to the Equinox-branded Fitness Clubs and use the of services offered therein.

3. Equinox Memberships are advertised as limited and, therefore, extremely exclusive. Consequently, the monthly membership dues at an Equinox-Fitness Club can vary by location and with the number of clubs that a member has access to, but it will often exceed one hundred and fifty dollars per month. For example, the membership dues for access to a single Equinox-branded Fitness Club may be in excess of one hundred and seventy dollars per month, but access to all clubs with a geographic region may exceed three hundred dollars per month. All membership dues are automatically paid by the Equinox Members, *via* a periodic credit card charge or electronic funds transfer from a bank account. Such dues are charged on a fixed date, the 23rd of each month in Plaintiffs' case, identified in the Equinox Membership Agreement and are charged in one month increments.

4. Like all fitness clubs, the primary benefit of an Equinox Membership is access to Equinox's gym facilities, as well as the fitness classes and other services offered therein. Each Equinox Member *prepays* for their next month's access to the Equinox-branded Fitness Clubs, by either paying for the next month's membership dues or prepaying for several months at one time. If a Equinox Member falls behind on their membership dues, the member will not be permitted to use any

CLASS ACTION COMPLAINT
1

1  fitness clubs or attend any fitness classes until all fees are made current.

2      5.    In March 2020, the COVID-19 pandemic spread quickly across California and the State respond by issuing its first "stay-at-home" order. Accordingly, on March 16, 2020, Defendants announced that they were closing all of their California gyms indefinitely, effective the next day. Recognizing that they would be unable to charge monthly membership dues without providing the services promised, Defendants announced that all Equinox Memberships would be "frozen" as of the day the clubs closed. This "freeze" meant that no additional payments would be required until the Equinox-branded Fitness Clubs were able to reopen. All of Defendants' members, however, had already prepaid for the entire month of March by the time that the gym closure was announced and became effective. Defendants had no plans to provide refunds for the prepaid March membership dues for the periods during which their Equinox-branded Fitness Clubs were closed and refused requests by members to refund them for unused time.

    6.    Instead of refunding each of their Members the pro-rated amount of their March membership, Defendants provided its Members an Equinox gift card instead. This gift card was issued in June 2020 and expired a short time later, in November 2020. Further still, the gift card could not be used to pay future membership dues and was restricted to items and services that could be purchased directly from Equinox. This decision was contrary to the provisions of the membership agreement as Defendants are required to provide a monetary refund for any periods during which their clubs are closed. Additionally, Defendants cannot provide the refund through an illegal gift card that is unlikely to be used by Equinox Members due to its extremely short expiration date, its restrictions on use, and the ongoing COVID-19 crisis. Indeed, Equinox announced another round of closure in early July.

    7.    Plaintiff Jason Rothman, individually and on behalf of all others similarly situated, seeks to recover damages and restitution for Defendant's unlawful and deceptive labeling under: (1) the California Consumer Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (2) California Business and Professions Code, Unfair or Unlawful Business Practices, Cal. Bus. & Prof. Code, § 17200, *et seq.*; and (3) California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*. Plaintiff also seeks public injunctive relief to ensure that Defendants stop this illegal business practice.

## II. **JURISDICTION**

8. This Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, California Business & Professions Code § 17203, Civil Code § 1780(d) and Code of Civil Procedure §§ 382 and 410.10.

9. This Court has jurisdiction over Defendants because they are registered to conduct, and do conduct, substantial business within California.

10. Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Plaintiff contracted the Defendants and a substantial or significant portion of the conduct complained of herein occurred and continues to occur within this County.

## III. **PARTIES**

11. Plaintiff Jason Rothman ("Plaintiff" or "Plaintiff Rothman") is a resident of Los Angeles County, California, and a citizen of California. Plaintiff Rothman entered into an Equinox Membership Agreement with Defendants on November 8, 2017 for access to the Equinox-branded Fitness Club. Defendants agreed to provide Plaintiff Rothman access to their Pasadena Equinox-branded Fitness Club in exchange for a monthly membership due of $169.00, deduced from Plaintiff Rothman's account on 23rd day of each month. On or around March of 2018 Plaintiff Rothman changed his membership to the Glendale, California, Equinox branded Fitness Club, under the terms of the Pasadena Equinox branded Fitness Club.

12. Plaintiff Rothman remains an Equinox Member. On March 16, 2020, Plaintiff Rothman was notified that he would be unable to use Defendants' gym facilities or use their fitness classes due to the ongoing COVID-19 crisis. Plaintiff Rothman had already paid the March monthly membership dues at the time of the closure. Defendants did not refund the portion of Plaintiff's March monthly membership dues. Instead, on June 16, 2020, Defendants provided Plaintiff Rothman with a gift card for the amount of $84.19 that can be used at Defendants' businesses but may not be used for future membership dues. This gift card expires on November 19, 2020.

13. Defendant Equinox Holdings, Inc. is a Delaware Corporation, with its headquarters at 31 Hudson Yards, New York, New York. The Company, through its subsidiaries, provides fitness services such as yoga classes, studio cycling, cardio exercises, martial arts, spa, and personal training.

Equinox Holdings, Inc. creates, controls, and dictates the Equinox Membership offerings of its Equinox-branded Fitness Clubs to ensure that each of its clubs offers similar membership terms, pricing, and experiences.

14. Plaintiff does not know the true names of defendants DOES 1 through 100 inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief, alleges, that each of the doe defendants are in some manner proximately responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries, damages, restitution and equitable remedies prayed for herein.

## IV. SUBSTANTIVE ALLEGATIONS

15. Founded in 1991, Equinox advertises itself as a high-end gym that offers personalized member experiences, including personal training sessions, curated nutrition and regeneration programs, private Pilates sessions, and signature group fitness classes. Equinox currently operates one hundred Equinox-branded Fitness Clubs, a hotel and spa, juice bars, and offers other wellness related services across the United States. Defendants distinguish themselves by offering premium products, services, and facilities, for which they charge a correspondingly high rate for Equinox Membership.

16. Based on information and belief, Defendant Equinox Holdings, Inc. monitors, regulates, controls, and directs all of the Subsidiary Clubs' operations, including membership offerings, monthly membership dues, refund policies, and gift card offerings. Defendant Equinox Holdings, Inc. requires that its Subsidiary Clubs use the same membership agreements and abide by the rules and regulations it periodically establishes. This allows Defendants to offer memberships that allow individuals to access to several Equinox-branded Fitness Clubs under a single membership agreement, while receiving an identical experience at each of their clubs.

17. Access to Defendants' Equinox-branded Fitness Clubs are limited to Equinox Members. An Equinox Membership entitles the member to Equinox-branded Fitness Clubs, spa services, fitness classes, personal training, and other complimentary benefits. Base memberships that only grant a consumer access to one club can cost up to $2,200 a year, plus a $500 initiation fee. If a consumer wants to go to multiple Equinox-branded fitness locations, an "all access" membership runs

up to $3,120 a year. While the Equinox Memberships are with the individual Subsidiary Clubs; based on information and belief, Defendant Equinox Holdings, Inc. owns Plaintiff's and the putative class's Equinox Membership accounts and corresponding personal information.

18. To sign up for an Equinox Membership each putative class member must agree to and sign an Equinox Membership Agreement. This Equinox Membership Agreement generally requires a consumer to commit to a twelve-month membership term, after which the Membership will continue month-to-month until it is terminated. An Equinox Membership can only be canceled by a member with thirty days prior written notice by either certified or registered mail or an in-person visit to the club at which the member signed their membership agreement. "Such notice shall be accompanied by the contract forms, membership cards and any other documents evidencing membership previously delivered to the [putative class member]." These onerous cancellation terms are intended to make it difficult for members to terminate their Equinox Membership.

19. Under the terms of the Equinox Membership Agreement, members must prepay their monthly membership dues, in order to use Defendants' Equinox-branded Fitness Clubs. The Membership Agreement specifically states that "Members will not be permitted to use any Club until all fees are current." Accordingly, the Equinox Membership Agreement is primarily a contract for access to Defendants' fitness clubs, and the fitness related services and facilities offered therein. Other benefits of the Equinox Membership Agreement, "including, but not limited to spa sessions, personal training sessions, Pilates sessions, complimentary gift cards or other promotional items" are either "complimentary" or offered for an additional fee and have no monetary value under the Membership Agreement.

20. Defendants recognize that their members are entitled to a refund of membership dues if the Equinox-branded Fitness Clubs were to physically close. The Equinox Membership Agreement notes this eventuality and specifically states:

> In deciding whether to make payments on an installment basis, Buyer should be aware that if the Club closes, although the Club will remain legally liable to Buyer for a refund, Buyer may risk losing his or her money if the Club is unable to meet its financial obligations to Members.

1  Accordingly, through their Membership Agreements, Defendants warranted and advertised that
2  members would receive refunds if their Equinox-branded Fitness Clubs closed.

3        21.    At the beginning of this year, both the state and federal government became concerned
4  over the rapidly increasing number of COVID-19 cases. On March 4, 2020, California entered a state
5  of emergency regarding the threat of COVID-19, and the virus continued to spread throughout the
6  State. This unprecedented pandemic required the California to take quick action to preserve the public
7  health and safety of all residents, as well as to protect the healthcare delivery system.

8        22.    On March 19, 2020, the Governor of the State of California, Gavin Newsom, issued
9  Executive Order N-33-20, pursuant to Government Code sections 8567, 8627, and 8665. This March
10 19, Order became to be known "Safer at Home, Stay at Home" Order and required that "all individuals
11 living in the State of California to stay home or at their place of residence" except for critical
12 infrastructure sectors. This Safer at Home, Stay at Home Order required that all gyms and fitness
13 facilities to close for further notice. This Order remained in place until June of 2020.

14       23.    Defendants closed their Equinox-branded Fitness Clubs on March 17, 2020, having
15 provided its members less than twenty hours' notice of the closure. Unfortunately for Plaintiff and
16 other putative Class members, they had already prepaid their March membership dues. Accordingly,
17 Plaintiff and thousands of the putative Class members had prepaid Defendants for services that they
18 would never be provided. Under the Equinox Membership Agreement, Plaintiffs could not cancel
19 their Membership to avoid paying for March membership dues because the dues had to be prepaid and
20 any cancelation required thirty days' notice.

21       24.    Under the Equinox Membership Agreement, Plaintiff and the putative Class members
22 were entitled to a refund for any portion of their membership dues during which the Equinox-branded
23 Fitness Clubs were closed. Defendants did not provide any monetary refund as they were required,
24 and as was previously represented, under the Equinox Membership Agreement.

25       25.    Instead, Defendants waited until June 16, 2020 to issue any compensation for the
26 closure of their fitness clubs. Defendants, however, would only issue a gift card for future goods and
27 services instead of a monetary refund. Worst yet, the gift cards had a short expiration date, November
28 19, 2020. Given the continuing COVID-19 crisis, many consumers would be unable, or unwilling, to

use Defendants' goods or services within this expiration person. A gift card, provided for consideration, and which has an expiration date, is a violation of California Civil Code, section 1749.5.

26. This is not the only time that Defendants refused to provide a monetary refund for periods during which their Equinox-branded Fitness Clubs were closed due to COVID-19. Defendants were forced to close several of their California based Equinox-branded Fitness Clubs in July 2020. When these clubs closed, Defendants still did not provide any monetary refunds for their members' monthly membership dues.

27. Given Defendants' refusal to issue refunds, the continuing COVID-19 pandemic, and that state and local governments continue to close gyms throughout the state, the likely that injury to the class is likely to repeat. Accordingly, both monetary relief to address past injury and injunctive relief to prevent future injury are sought by Plaintiff on behalf of the class.

## V. CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action as a class action pursuant to California Civil Procedure Code, section 382, and California Civil Code, section 1781, for the following Class of persons:

> All members of Equinox-branded Fitness Clubs, located in California, who did not receive a refund of unused membership dues for any period during which Defendants' Equinox-branded Fitness Clubs were closed, from March 2020 to present.

Excluded from the Class are all legal entities, Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

29. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

30. While the exact number of Class members is unknown to Plaintiff at this time, and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are tens of thousands of members in the proposed Class. The number of individuals who comprise the Class is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

31. Plaintiff's claims are typical of the claims of the other members of the Class. All

members of the Class have been and/or continue to be similarly affected by Defendants' wrongful conduct as complained of herein, in violation of federal and state law. Plaintiff is unaware of any interests that conflict with or are antagonistic to the interests of the Class.

32. Plaintiff will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in consumer class action lawsuits and complex litigation. Plaintiff and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff is aware of their duties and responsibilities to the Class.

33. Defendants have acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are, inter alia:

    (a) Whether Defendants are required to provide a monetary refund for any period during which Defendants' Equinox-branded Fitness Clubs were closed due to COVID-19;

    (b) Whether Defendants represented that they would provide monetary refund for any period during which their Equinox-branded Fitness Clubs were closed;

    (c) Whether Defendant's failure to provide refunds constitutes unfair method of competition and deceptive practice in violation of, *inter alia*, California Civil Code §§ 1750 *et seq.;* including:

        (i) Whether Defendants misrepresent that their Equinox Membership has benefits which they do not have;

        (ii) Whether Defendant represents that their Equinox Memberships have certain characteristics or benefits when they do not;

        (iii) Whether Defendants advertises their Equinox Membership with intent not to sell them as advertised; and

        (iv) Whether Defendant represents that their Equinox Membership Agreement confers rights, remedies, or obligations which it does

CLASS ACTION COMPLAINT
8

not.

 (e) Whether Defendants' business practices, alleged herein, constitutes misleading and deceptive advertising under, *inter alia*, CAL. BUS. & PROF. CODE § 17500.

 (f) Whether Defendant's business practices, alleged herein, constitutes "unlawful," "unfair," or "fraudulent" business acts or practices under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17200, including:

  (i) Whether Defendants' failure to provide refunds under their Equinox Membership Agreements constitutes "unlawful" or "unfair" business practices by violating the public policies set out in CAL. CIV. CODE §§ 1770 *et seq.*; CAL. BUS. & PROF. CODE § 17500, and other California and federal statutes and regulations;

  (ii) Whether Defendants' provision of gift cards with expiration dates violating the public policies set out in CAL. CIV. CODE §§ 1749.5 *et seq.*;

  (iii) Whether Defendants' failure to provide refunds under their Equinox Membership Agreements is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

  (iv) Whether Defendants' failure to provide refunds under their Equinox Membership Agreements constitutes an "unfair" business practice because the consumer injury outweighs any countervailing benefits to consumers or competition, and because such injury could not be reasonably avoided by consumers; and

  (v) Whether Defendants' failure to provide refunds under their Equinox Membership Agreements constitutes a "fraudulent" business practice because members of the public are likely to be deceived;

 (g) The nature and extent of remedies, including restitution, damages, and injunctive relief to which Plaintiff and the Class are entitled; and

 (h) Whether Plaintiff and the Class should be awarded attorneys' fees and

the costs of suit for Defendants' violations of the UCL, FAL, and CLRA.

34. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

35. Defendants have acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

### FIRST COUNT

**Violation of Cal. Bus. & Prof. Code § 17500 -
Untrue, Misleading and Deceptive Advertising
(Individually and on Behalf of the Class)**

36. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37. At all material times, Defendants engaged in a scheme of offering their Equinox Membership for sale to Plaintiff, and other members of the Class by way of, *inter alia*, the Equinox Membership Agreement, commercial marketing, and advertising, internet content, and other promotional materials.

38. These materials, advertisements, and other inducements misrepresented and/or omitted the true benefits of Defendants' Equinox Membership as alleged herein. Said materials, advertisements and other inducements were controlled by and emanated from Defendant's Equinox-branded Fitness Clubs, located the State of California.

39. Defendants' advertisements and other inducements come within the definition of advertising as contained in Cal. Bus. Prof. Code § 17500, in that such promotional materials were intended as inducements to purchase Defendants' Equinox Membership and are statements disseminated by Defendants, who are located in California, to Plaintiff and other members of the Class.

40. A reasonable consumer would be misled by Defendants' Equinox Membership

1 Agreement. Defendants state in the Membership Agreement "that if the Club closes… the Club will remain legally liable to Buyer for a refund," when Defendants do not provide such refunds.

41. Defendants knew, or in the exercise of reasonable care should have known, that the statements regarding their Membership Agreement's refund policy were false, misleading and/or deceptive.

42. Consumers, including Plaintiff and members of the Class, necessarily and reasonably relied on Defendants' statements regarding the Membership Agreement's refund policy. Consumers, including Plaintiff and members of the Class, were among the intended targets of such representations.

43. The above acts of Defendants, in disseminating said misleading and deceptive statements throughout the State of California, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature of their Membership Agreement's refund policy, and thus were violations of Cal. Bus. Prof. Code § 17500.

44. Plaintiff and Class members were harmed and suffered injury as a result of Defendants' violations of the Cal. Bus. Prof. Code § 17500. Defendants have been unjustly enriched at the expense of Plaintiff and the members of the Class.

45. Accordingly, Plaintiff and members of the Class seek injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues derived from Defendants' wrongful conduct to the fullest extent permitted by law.

### SECOND COUNT

**Violation of Cal. Civ. Code §§ 1750, *et seq.*-**
**Misrepresentation of a Product's standard, quality, sponsorship, approval, and/or certification**
**(Individually and on Behalf of the Class)**

46. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

47. Defendants' Equinox Membership Agreements are a "service" as defined by California Civil Code §1761(a).

48. Defendants are a "person" as defined by California Civil Code §1761(c).

CLASS ACTION COMPLAINT
11

49. Plaintiff and Class members are "consumers" within the meaning of California Civil Code §1761(d) because they purchased their Equinox Membership for personal, family or household use.

50. The sale of Defendants' Equinox Membership to Plaintiff and Class members is a "transaction" as defined by California Civil Code §1761(e).

51. By stating in their Membership Agreement "that if the Club closes… the Club will remain legally liable to Buyer for a refund," when Defendants do not provide such refunds, Defendants violated California Civil Code §§ 1770(a)(4), (5), (9) and (14), as they misrepresented the characteristics, benefits, rights, obligations, and remedies conferred by Defendants' Equinox Membership Agreement.

52. As a result of Defendants' conduct, Plaintiff and Class members were harmed and suffered actual damages as a result of Defendant's unfair competition and deceptive acts and practices. Had Defendants disclosed the true nature and/or not falsely represented its Equinox Membership Agreement's refund policy, Plaintiff and the Class would not have been misled into purchasing Defendants' Equinox Membership, or, alternatively, would have paid significantly less for them.

53. Plaintiff, on behalf of himself and all other similarly situated California consumers, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendants continuing these unlawful practices pursuant to California Civil Code § 1782(a)(2).

54. Plaintiff provided Defendant with notice of its alleged violations of the CLRA pursuant to California Civil Code § 1782(a) *via* certified mail, demanding that Defendants correct such violations.

55. If Defendants fail to respond to Plaintiff's CLRA notice within 30 days, Plaintiff may amend this Complaint to seek all available damages under the CLRA for all violations complained of herein, including, but not limited to, statutory damages, punitive damages, attorney's fees and cost and any other relief that the Court deems proper.

///

///

**THIRD COUNT**

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* -
Unlawful Business Acts and Practices
(On Behalf of the Class)**

56. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

57. The California Civil Code, section 1770(a)(4), (5), (9) and (14), prohibits misrepresentation of the characteristics, benefits, rights, obligations, and remedies conferred by Defendants' Equinox Membership Agreement, as noted in above.

58. Similarly, California Business & Professions Code, section 17500, prohibits any false or misleading advertisement that would deceive a reasonable consumer.

59. By stating in their Equinox Membership Agreement "that if the Club closes… the Club will remain legally liable to Buyer for a refund," when Defendants do not provide such refunds, Defendants violated California Civil Code §§ 1770(a)(4), (5), (9) and (14) and California Business & Professions Code, section 17500, as it misrepresented the characteristics, benefits, rights, obligations, and remedies conferred by Defendants' Equinox Membership Agreement.

60. Civil Code, section 1749.5, prohibits the inclusion of expiration dates on gift cards provided in California.

61. Defendants issued a gift card for future goods and services instead of a monetary refund. Accordingly, this gift card was provided for consideration. These gift cards had a short expiration date, November 19, 2020. Given the continuing COVID-19 crisis, many consumers would be unable, or unwilling, to use Defendants goods or services within this expiration period. Accordingly, the gift card provided no real relief and is a violation of section 1749.5.

62. The business practices alleged above are unlawful under Business and Professions Code §§ 17500, *et seq.*; California Civil Code §§ 1749.5 and 1770(a)(4), (5), (9) and (14), each of which forbids the untrue, fraudulent, deceptive, and/or misleading marketing, and advertisement of consumer services and the expiration of gift cards purchased for consideration.

63. As a result of Defendants' above unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of himself and all others similarly situated, and as appropriate, on behalf of the

general public, seeks injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendant's wrongful conduct to the fullest extent permitted by law.

## FOURTH COUNT

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* -
Unfair Business Acts and Practices
(Individually and on Behalf of the Class)**

64. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

65. Plaintiff and other members of the Class who did not receive a refund of membership dues when their respective Equinox-branded Fitness Clubs were closed due to COVID-19 were injured by virtue of Defendants failure to honor their Equinox Membership Agreement, which required such refunds. Had Plaintiff and members of the Class known that Defendants would failure to honor their contract and misrepresented the benefits, rights, and obligations of the Equinox Membership Agreement, they would not have purchased said membership or would have paid less.

66. Similarly, the gift cards provide have an expiration date, which may such gift cards unlikely to be used and provide Class members any meaningful compensation for the harm visited upon them.

67. Defendants' actions alleged herein violate the laws and public policies of California and the federal government, as set out in preceding paragraphs of this Complaint.

68. There is no benefit to consumers or competition by allowing Defendants to deceptively market and advertise the Equinox Membership in violation of the law or allowing Defendants failure to honor is contractual agreements.

69. The gravity of the harm suffered by Plaintiff and Class members, who paid for services they did not receive, outweighs any legitimate justification, motive or reason for marketing, advertising, and preforming the Equinox Membership in a deceptive and misleading manner. Accordingly, Defendants' actions are immoral, unethical, unscrupulous and offend the established public policies as set out in state and federal law and is substantially injurious to Plaintiff and members of the Class.

70. The above acts of Defendants, in disseminating said misleading and deceptive statements, and failing to honor their Equinox Membership Agreements, throughout the State of California were and are likely to deceive reasonable consumers.

71. Plaintiff and members of the Class were unlikely to discover Defendant's misrepresentations, as Plaintiff and members of the Class were not aware of that Defendants would not honor their Equinox Membership Agreements and could not avoid their injury as Plaintiff and members of the Class could not cancel their membership before suffering an injury.

72. As a result of Defendants' above unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of himself and all others similarly situated, and as appropriate, on behalf of the general public, seek injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

## FIFTH COUNT

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* -
Fraudulent Business Acts and Practices
(Individually and on Behalf of the Class)**

73. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

74. Such acts of Defendant as described above constitute a fraudulent business practice under Cal. Bus. & Prof. Code §§ 17200, *et seq.*

75. A reasonable consumer would be mislead by Defendants' Equinox Membership Agreement. Defendants state in its Membership Agreement "that if the Club closes... the Club will remain legally liable to Buyer for a refund," when Defendants do not provide such refunds.

76. Defendants knew, or in the exercise of reasonable care should have known, that the statements regarding their Membership Agreement's refund policy were false, misleading and/or deceptive.

77. Consumers, including Plaintiff and members of the Class, necessarily and reasonably relied on Defendants' statements regarding the Membership Agreement's refund policy. Consumers, including Plaintiff and members of the Class, were among the intended targets of such representations.

78. As a result of Defendants' above unlawful, unfair, and fraudulent acts and practices, Plaintiff, on behalf of himself and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendant's wrongful conduct to the fullest extent permitted by law.

## VI. PRAY FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

A. For an order declaring that this action is properly maintained as a class action and appointing Plaintiff as representative for the Class, and appointing Plaintiff's counsel as Class counsel;

B. For an order enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

C. For an award of restitution and damages, including punitive damages, resulting from Defendant's unlawful advertising;

D. For an order awarding attorneys' fees and costs of suit, including expert witness fees, as permitted by law; and

E. Such other and further relief as this Court may deem just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

Dated: August 6, 2020

Respectfully submitted,

FINKELSTEIN & KRINSK LLP

By: _____
John J. Nelson
*Attorneys for Plaintiff and the Class*

## AFFIDAVIT OF JASON ROTHMAN

I, Jason Rothman, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could competently testify thereto.

2. I am the named Plaintiff in the above captioned matter and make this affidavit pursuant to California Civil Code section 1780(d).

3. The Complaint is filed in a proper place for trial of this action because the named Defendant is doing business within this county and one or more transactions that form the basis for the action occurred in this county.

4. Accordingly, pursuant to California Code of Civil Procedure, section 1780, the California Superior Court of Los Angeles County is the proper venue for Plaintiff's California Consumer Legal Remedies Act claims.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 6, 2020 in Los Angeles, California.

_____
Jason Rothman

CLASS ACTION COMPLAINT