UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS MOTION TO DISMISS (Dkt. [8], filed October 30, 2020)

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

On August 7, 2020, plaintiff Jason Rothman filed a class action complaint in Los Angeles Superior Court against defendant Equinox Holdings, Inc. and Does 1 through 100. Dkt. 1-1 ("Compl."). Defendant removed the action to this Court on October 23, 2020. Dkt. 1. Plaintiff brings suit on behalf of himself and all others similarly situated who are members of defendant's Equinox branded fitness clubs (the "Equinox clubs"), located in California, who did not receive a refund of unused membership dues for any period during which the Equinox clubs were closed, from March 2020 to present. Compl. ¶ 28. The gravamen of plaintiff's complaint is that defendant made false and misleading representations in its membership agreement regarding the issuance of refunds for prepaid membership dues in the event of the closure of one or more of its Equinox clubs. Id. ¶¶ 4-6. In particular, plaintiff asserts claims for: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of the California False Advertising Law, Cal. Bus. & Prof. Code §§17500, *et seq.*; (3) unlawful business practices within the meaning of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) unfair business practices within the meaning of the California Unfair Competition Law; and (5) deceptive business practices within the meaning of the California Unfair Competition Law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

On October 30, 2020, defendant filed a motion to dismiss the complaint in its entirety. Dkt. 8 ("Mot."). On November 30, 2020, plaintiff filed an opposition. Dkt. 10 ("Opp'n"). Defendant filed a reply on December 7, 2020. Dkt. 12 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

### A. The Parties

Plaintiff Rothman is an individual member of defendant's Glendale, California Equinox club. Compl. ¶ 11. Plaintiff alleges that, in exchange for access to the club, he pays defendant monthly membership dues of $169.00. Id.

Defendant Equinox Holdings, Inc. is a Delaware corporation, headquartered in New York City, that—through subsidiary clubs—provides fitness services at Equinox clubs on a membership basis. Id. ¶ 13. Defendant currently operates more than 100 subsidiary Equinox clubs in the United States, which it advertises as "high-end gym[s]" that offer a range of personalized services, "including personal training sessions, curated nutrition and regeneration programs, private Pilates sessions, and signature group fitness classes." Id. ¶ 15. Plaintiff alleges that defendant directs all operations of the subsidiary Equinox clubs, including membership offerings and dues, refund policies, and gift card offerings. Id. ¶ 16. The Doe defendants are allegedly "in some manner proximately responsible for" plaintiff's injuries. Compl. ¶ 14.

### B. Membership Terms

Plaintiff alleges that all members must enter into an Equinox Membership Agreement with defendant and prepay their monthly membership dues in order to use the Equinox clubs. Id. ¶¶ 18, 19. The complaint alleges that Equinox club members are generally required to commit to a twelve-month membership term, which thereafter renews on a month-to-month basis until terminated with 30 days' notice. Id. ¶ 18. Plaintiff alleges that membership dues are automatically charged on a fixed date each month, "*via* a periodic credit card charge or electronic funds transfer from a bank account." Id. ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

The Equinox Membership Agreement allegedly provides that "members are entitled to a refund of membership dues if the [Equinox clubs] were to physically close. Id. ¶ 20. Specifically, plaintiff alleges that the agreement "notes this eventuality and specifically" represents as follows:

> In deciding whether to make payments on an installment basis, Buyer should be aware that if the Club closes, although the Club will remain legally liable to Buyer for a refund, Buyer may risk losing his or her money if the Club is unable to meet its financial obligations to Members.

Id. Plaintiff alleges that, through that representation, "Defendants warranted and advertised that members would receive refunds" if the Equinox clubs closed. Id. Defendant allegedly knew or should have known that stated refund policy was misleading because defendant "do[es] not provide such refunds." Id. ¶¶ 41, 51. Plaintiff further alleges that he and other members of the class "were among the intended targets" of defendant's representations regarding its refund policy and "necessarily and reasonably relied on" defendants statements regarding the refund policy contained in the Membership Agreement. Id. ¶ 42.

### C. Closure Due to COVID-19

Plaintiff alleges that on March 16, 2020, defendants announced that all Equinox clubs in California would be closed indefinitely, effective March 17, 2020, due to the impact of the COVID-19 pandemic in California. Id. ¶ 5. Plaintiff alleges that on March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 (the "Stay at Home Order"), which "required all gyms and fitness facilities to close until further notice" and remained in effect until June, 2020. Id. ¶ 22.

Plaintiff alleges that in response to the closures, defendant announced that "all Equinox Memberships would be 'frozen' as of the day the clubs closed," such that no additional payments would be required until the Equinox clubs reopened. Id. ¶ 5. Plaintiff further alleges that defendant's membership freeze did not include a "plan[] to provide refunds" for the membership dues members had prepaid for use of the Equinox clubs in March, 2020, which included dues for "periods during which [the Equinox clubs] were closed." Id. Plaintiff avers that, under the terms of the Equinox Membership agreement, he and other members were "entitled to a refund for any portion of their membership dues during which the [Equinox clubs] were closed" but that defendant "did not provide any monetary refund as they were required and as was previously represented" under that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

agreement. Id. ¶ 24. Further, defendant has allegedly refused requests by members to refund them for unused time. Plaintiff alleges that defendants also did not "provide any monetary refunds for their members' monthly membership dues" when the Equinox clubs were again "closed due to COVID-19" in July, 2020. Id. ¶ 26.

Plaintiff alleges that defendant "would only issue a gift card for future goods and services" as compensation for the period during which the club was closed, "instead of a monetary refund." Id. ¶ 25. The gift cards issued by defendant on June 16, 2020 carried an expiration date of November 19, 2020, which plaintiff alleges "is a violation of California Civil Code, section 1749.5." Id.

With respect to his own membership, plaintiff alleges that he had prepaid his March membership dues at the time that the Equinox clubs were closed, and that "[d]efendants did not refund the portion of [p]laintiff's March monthly membership dues" covering the period during which the Equinox clubs were closed. Id. ¶ 12. Plaintiff further alleges that, in lieu of a refund, defendant provided him with a "gift card for the amount of $84.19 that can be used at Defendants' businesses but may not be used for future membership dues," and which carried an expiration date of November 19, 2020. Id.

### III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

In addition, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard governs claims that sound in fraud.[1] United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011). To adequately plead fraud with particularity, a party must identify "the who, what, when, where, and how of the misconduct charged." United States ex rel. Ebeid v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003)). The allegations of fraud must merely be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016). "[P]erhaps the

---

[1] Plaintiff concedes that his misrepresentation claims sound in fraud and are thereby subject to the heightened pleading standard of Rule 9(b). See Opp'n at 15-16 (citing Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) ("the factual circumstances of the fraud [] must be alleged with particularity.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1298 (3d ed. 2016).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Plaintiff alleges violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA"); California False Advertising Law, Cal. Bus. & Prof. Code §§17500, et seq. ("FAL"); and the unfair, unlawful, and fraudulent prongs of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"). Defendant seeks to dismiss plaintiff's complaint on a number of grounds, including that plaintiff lacks statutory standing pursuant to the CLRA, FAL, and UCL; that defendant's statement regarding refunds in the Equinox Membership Agreement is not an actionable misrepresentation, both because it does not guarantee an automatic refund and because it presents a non-actionable legal opinion; that the alleged misrepresentation was not material; and that California Civil Code § 1749.5, which makes it unlawful to issue a gift certificate that contains an expiration date, does not apply to the type of credits that defendant issued to members. See generally Mot.

### A. Standing pursuant to the CLRA, UCL, and FAL

As a threshold matter, plaintiff must establish statutory standing to bring claims for violations of the CLRA, FAL, and UCL. To establish standing under the UCL and FAL, a plaintiff must demonstrate that he "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; Cal. Bus. & Prof. Code § 17535; see also Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 321, 246 P.3d 877, 884 (2011). "Interpreting this statutory language—which California voters added to the UCL in 2004 through the passage of Proposition 64, see In re Tobacco II Cases, 46 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

4th 298, 314 (2009)—California courts have held that when the 'unfair competition' underlying a plaintiff's UCL claim consists of a defendant's misrepresentation, a plaintiff must have *actually relied on the misrepresentation*, and suffered economic injury as a result of that reliance, in order to have standing to sue." In re iPhone Application Litig., 6 F. Supp. 3d 1004, 1013 (N.D. Cal. 2013) (Koh, J.) (emphasis added); see also In re Tobacco II Cases, 46 Cal. 4th at 314 ("[A] class representative proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions."). The actual reliance requirement "applies whenever the underlying misconduct in a UCL action is fraudulent conduct," including when the claim arises under the UCL's unlawful or unfair prongs. See Kane v. Chobani, Inc., 973 F. Supp. 2d 1120, 1129 (N.D. Cal. 2014), vacated on other grounds sub nom. Kane v. Chobani, LLC, 645 F. App'x 593 (9th Cir. 2016).

A plaintiff seeking to establish statutory standing pursuant to the CLRA must likewise "allege that she relied on the defendant's alleged misrepresentation." Coleman-Anacleto v. Samsung Elecs. Am., Inc., No. 16-CV-02941-LHK, 2016 WL 4729302, at *10 (N.D. Cal. Sept. 12, 2016) (citing Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1367 (2010) (holding that plaintiff's CLRA claim failed because plaintiff failed to allege facts showing that he "relied on any representation by" defendant).

Here, other than plaintiff's claim under the UCL's unlawful prong based on defendant's alleged violation Cal. Civ. Code § 1749.5, each of plaintiff's CLRA, UCL, and FAL claims are premised on plaintiff's allegations that defendant engaged in misrepresentations, omissions, or fraudulent conduct that relates to its statement regarding refunds in the Equinox Membership Agreement. See generally Compl. Those claims are accordingly subject to the actual reliance requirement.

Defendant argues that plaintiff lacks statutory standing to assert his claims based on an alleged misrepresentation or omission pursuant to the UCL, FAL, and CLRA here because plaintiff's complaint does not allege actual reliance. Specifically, defendant argues that the complaint does not contain any non-conclusory allegation that "Plaintiff actually read and relied upon the refund language" before purchasing his Equinox club membership. Reply at 11; see also Mot. at 11-12. In opposition, plaintiff appears to contend both that he has sufficiently pled that he "individually relied on and was deceived by the refund guarantee" and that actual reliance may be inferred in this case because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

plaintiff has pled that the alleged misrepresentation would have been "material" to a reasonable consumer. Opp'n at 5, 8.

First, a careful reading of the complaint reveals that plaintiff does not allege that he saw or heard any statements, contract terms, advertising, or other representations by defendant regarding defendant's refund policy before purchasing his Equinox club membership. See generally Compl. Plaintiff identifies only a single alleged affirmative representation in the complaint: the provision of the Equinox Membership Agreement that allegedly provides as follows:

> In deciding whether to make payments on an installment basis, Buyer should be aware that if the Club closes, although the Club will remain legally liable to Buyer for a refund, Buyer may risk losing his or her money if the Club is unable to meet its financial obligations to Members.

Compl. ¶ 20. However, plaintiff does not allege that he saw, read, or was informed of this statement or otherwise relied on it before deciding to purchase his Equinox club membership. See Phillips v. Apple Inc., No. 15-CV-04879-LHK, 2016 WL 1579693, at *7 (N.D. Cal. Apr. 19, 2016) (finding no reliance where plaintiffs alleged that a misleading statement was posted to defendant's website, but failed to plead that they "read or relied on this statement when choosing" to download and use defendant's software); Low v. LinkedIn Corp., 900 F. Supp. 2d 1010, 1027 (N.D. Cal. 2012) (dismissing on reliance grounds where complaint described the privacy policy at issue, but failed to allege that plaintiffs "saw or read it."); accord Coleman-Anacleto, Inc., 2016 WL 4729302, at *11. Moreover, it is not "enough to 'receive' a misrepresentation in a document; a plaintiff must see, read, or hear the alleged misrepresentation and rely on it." Graham v. VCA Antech, Inc., No. 2:14-CV-08614-CAS-JC, 2016 WL 5958252, at *5 (C.D. Cal. Sept. 12, 2016), aff'd sub nom. Graham v. VCA Animal Hosps., Inc., 729 F. App'x 537 (9th Cir. 2018).

Although plaintiff's opposition briefing argues that "he has pleaded injury-in fact by pleading that he viewed and relied upon Defendant's refund guarantee" and that the complaint alleges that plaintiff "relied on Defendant's misrepresentations when deciding whether to purchase the membership Agreement," see Opp'n at 2, 5-6, no such allegations appear on the face of his complaint. See generally, Compl. To the contrary, plaintiff's only allegation that he relied on defendant's representation is a statement that "Consumers, including plaintiff and members of the Class, necessarily and reasonably relied on Defendant's statements regarding the Membership Agreement's refund policy." Id. ¶¶ 42, 77. That conclusory allegation, which specifies neither when—if at all—plaintiff viewed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

the alleged misrepresentation nor what actions he took as a result, is insufficient to plead that plaintiff actually relied on the alleged misrepresentation in making his purchase. See McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) (dismissing UCL claim for lack of standing because the plaintiffs "make absolutely no allegation that either they or their contractor checked Goodman's website or saw any Goodman advertisement. Indeed, they do not even allege that when purchasing the product, the contractor looked at any packaging or labeling that would have contained the omitted information."); In re iPhone Application Litig., 6 F. Supp. 3d at 1015 (to establish actual reliance, plaintiffs "must have seen the misrepresentations and taken some action based on what they saw"); cf. Kwikset Corp., 51 Cal. 4th 310 at 332 (holding that UCL plaintiffs possessed standing in part based on allegations that plaintiffs "saw and read Defendant's misrepresentation" that product was "Made in the U.S.A.").

Moreover, to the extent that plaintiff contends he is entitled to an inference of reliance based on his allegation that the alleged misrepresentation is material because "the reasonable consumer would be misled into purchasing from Equinox in reliance on the refund guarantee," he is mistaken. Opp'n at 5. Although the California Supreme Court has observed that an inference of reliance "arises wherever there is a showing that a misrepresentation was material," the named plaintiff in a class action lawsuit is nevertheless required to plead and prove that "the defendant's misrepresentations were an immediate cause of the injury-causing conduct." In re Tobacco II Cases, 26 Cal. 4th at 328; see also In re iPhone Litig., 6 F. Supp. at 1026 (explaining that Tobacco II "does not stand for the proposition that [p]laintiffs can claim to have relied on misrepresentations they never saw" and therefore concluding that "an inference of reliance cannot arise from misrepresentations [p]laintiffs did not see."). In limited circumstances, where the misrepresentations at issue are "part of an extensive and long-term advertising campaign," Tobacco II holds that a plaintiff may be excused from the "require[ment] to necessarily plead and prove individualized reliance on specific misrepresentations or false statements." Id. No such "extensive and long-term advertising campaign" is at issue here. Accordingly, plaintiff is not entitled to an inference that he relied on defendant's statements—however material—absent an allegation that he actually viewed those statements in advance of his membership purchase. See e.g. Rojas-Lozano v. Google, Inc., 159 F. Supp. 3d 1101, 1114 (N.D. Cal. 2016) (plaintiff who "failed to allege what she saw, what she believed as a result, [or] how knowledge would impact her behavior" not entitled to inference of reliance).

Because plaintiff has not adequately alleged actual reliance upon any representation or omission by defendant, plaintiff has failed to allege statutory standing for each of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

CLRA, FAL, and UCL claims based on defendant's alleged misrepresentations, omissions, and fraudulent conduct. Accordingly, defendant's motion to dismiss as to Claims 1, 2, 4, and 5 of the complaint is **GRANTED**, with leave to amend.[2] In light of plaintiffs failure to allege facts that support standing, the Court declines to reach defendant's remaining arguments regarding plaintiff's CLRA, FAL, and UCL claims based on misrepresentations, omissions, or fraudulent conduct. See e.g. Backhaut, 74 F. Supp.3d 1033 at 1049.

### B. Remaining UCL Claim

As noted above, plaintiff further alleges a claim pursuant to the UCL's unlawful prong based on defendant's alleged violations of the CLRA, the FAL, and California Civil Code § 1749.5. Compl. ¶¶ 56-63. The UCL's unlawful prong "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim" under the unlawful prong. Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). However, "a common law violation such as breach of contract is insufficient ... to state a claim under the unlawful prong of § 17200." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1044 (9th Cir. 2010).

Here, because the Court finds that plaintiff's CLRA and FAL claims do not withstand defendant's motion to dismiss the complaint, plaintiff has not pled unlawful conduct pursuant to those statutes to serve as the basis of a claim under the UCL's unlawful prong. Accordingly, plaintiff does not state a claim under the UCL's unlawful prong for violation of the CLRA or FAL. See e.g. Rice v. Sunbeam Prod., Inc., No. CV 12-7923-CAS-AJWX, 2013 WL 146270, at *8 (C.D. Cal. Jan. 7, 2013).

Defendant argues that plaintiff's claim pursuant to the UCL's unlawful prong premised on violation of § 1749.5 also fails to state a claim because "Equinox did not 'sell' Plaintiff a 'gift certificate'" under the plain meaning of the statute. Mot. at 12. As relevant here, § 1749.5 makes it "unlawful for any person or entity to sell a gift certificate to a purchaser that contains [...] an expiration date," but does not explicitly define the term

---

[2] To the extent that Claim 4 alleges that defendant's issuance of gift cards was "unfair" because the gift cards do not provide "any meaningful compensation for the harm visited upon [the class members]" by defendant's alleged misrepresentations, the Court finds that those allegations are premised upon plaintiff's misrepresentation theory and thereby subject to the UCL's statutory standing requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

"gift certificate" as used in the statute. See Cody v. SoulCycle Inc., No. CV 15-6457-GHK-JEMx, 2016 WL 4771392, at *9 (C.D. Cal. Jan. 11, 2016). Relying on the Ninth Circuit's reasoning in Reynolds v. Philip Morris USA, Inc, defendant contends that the "online goods-and-services credits, issued in the extraordinary circumstance of 2020's pandemic closures, [do not] amount to 'certificates' of the kind that are 'typically' or 'usually given as gifts." See 332 Fed. App'x 397, 398 (9th Cir. 2009) (finding § 1749.5 not applicable to Philip Morris' 'Marlboro Miles' promotional program because miles represented a "proof of purchase [that were] not typically given as gifts, [were] not certificates, and state[d] no cash value."). Defendant further argues that plaintiff does not allege that he purchased the credit, which the complaint describes as having been issued "contrary to"—rather than pursuant to—his contract.³ Mot. at 13.

In opposition, plaintiff argues that he has sufficiently alleged that the credit issued by defendant is a gift certificate that falls within the meaning of § 1749.5 both because he alleges that he effectively purchased the credit and because it is possible to gift the credit. Specifically, plaintiff argues that when "Plaintiff's cash refund was converted to a gift card, Plaintiff effectively purchased it for value" that "matched that of the unusable portion of Plaintiff's membership payment." Opp'n at 20. Plaintiff further argues that because the "'credit' allows for the purchase of independent contractor services and those services can be gifted to a member's guests, the credit is a 'gift certificate' under California law." Id. at 21. In support of his position, plaintiff cites to Cody v. Soulcycle, Inc., a case where the defendant indoor cycling studio sought to dismiss a UCL claim founded on a violation of § 1749.5 on the grounds that its 'class credits" did not "qualify as a gift certificate because they were not purchased or presented as a gift." No. CV 15-6457-GHK-JEMx, 2016 WL 4771392, at *9 (C.D. Cal. Jan. 11, 2016). The court found that argument unavailing in

---

³ Defendant further argues that plaintiff lacks standing to bring a claim based on a violation of § 1749.5 because, as of the filing of plaintiff's complaint, plaintiff's credit had not yet expired. Reply at. 11-12. However, plaintiff has alleged that he was injured when defendant issued a "gift card [with] a short expiration date" instead of "a monetary refund," that his credit "may not be used for future membership dues," and that members were "unable, or unwilling, to use Defendants goods or services within this expiration period" due risks posed by COVID-19. Compl. ¶¶ 12, 25, 61. Those allegations are sufficient to allege injury-in-fact. See Marilao v. McDonald's Corp., No. 09-CV-01014-H (AJB), 2009 WL 3007368, at *3 (S.D. Cal. Sept. 21, 2009) (unlawful conduct causing plaintiff to "keep the gift card that can only be used for products he does not wish to consume" sufficient to allege standing to assert a UCL claim).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

light of the plaintiff's allegations, explaining that Reynolds instructs only that gift certificates are "*usually* [but not always] presented as a gift" and that statements on defendant's website stating that a member could book "up to five bikes on a single account" indicated that "a purchaser can gift class purchases to other attendees." Id. Accordingly, the court concluded that the class credits fell within the definition of a "gift certificate," such that plaintiff had stated a claim for violation of § 1749.5 and denied a motion to dismiss a claim under the UCL's unlawful prong founded on violation of the statute. Id.

Here, the Court concludes that plaintiff has sufficiently pled that the credit he received from defendant is a gift certificate purchased for value that carries an unlawful expiration date. Specifically, plaintiff pleads that defendant issued him a "gift card" in an amount equivalent to the $84.19 "portion of Plaintiff's March monthly membership dues" that were unused due to the Equinox gym closures, which suggests that plaintiff's credit was not issued as a gratuity, but rather was purchased for value with his unused membership dues.[4] See Compl. ¶ 12. The complaint alleges that plaintiff's "gift card" carried an expiration date of November 19, 2020—a date which has now passed. See id. In addition, plaintiff has sufficiently pled that $84.19 "gift card" is capable of being redeemed for plaintiff or for another individual of plaintiff's choosing such that it falls within the scope of "gift certificates" subject to § 1749.5. Notably, plaintiff pleads throughout his complaint that the credit he received was in the form of a "gift card," a term which itself suggests that the credit is capable of being gifted and allowing the recipient to redeem the value, and which the Court must accept as true for purposes of a motion to dismiss. See e.g Gift Card Definition, MIRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/gift%20card (last visited January 11, 2021) (defining "gift card" as "a card entitling the recipient to receive goods or services of a specified value from the issuer"). Moreover, the Equinox Membership Agreement—upon which the complaint necessarily relies—provides that members are permitted to invite guests into the Equinox club and to acquire services of "independent contractors" working within the Equinox club for their guests, which could reasonably be inferred to include fitness instruction services for which plaintiff's "gift card" is redeemable. Dkt. 8-1 at 4; see also Cody, 2016 WL 4771392 at *9. The Court therefore concludes that plaintiff has pled a violation of § 1749.5 that is sufficient to support a claim for violation of the UCL's unlawful prong.

---

[4] Because the Court may not consider facts presented in briefs in ruling on a motion to dismiss, the Court declines to consider the statements in the parties' filings concerning plaintiff's receipt of a refund.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:20-cv-09760-CAS-MRWx | Date | January 13, 2021 |
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

As such, the motion to dismiss Claim 3 of the complaint is **GRANTED IN PART**, to the extent that plaintiff's claim rests on a violation of the CLRA or FAL, and **DENIED IN PART**, to the extent that his claim rests on violation of § 1749.5. Plaintiff shall have leave to amend.

### C. Punitive Damages

Defendant seeks dismissal of plaintiff's prayer for punitive damages, arguing both that plaintiff has not alleged individual willful and malicious conduct that would support an award of punitive damages pursuant to Cal. Civ. Code § 3294(a) and that plaintiff's CLRA claim "does not yet allege any damages, let alone punitives." Mot. at 8; see also Compl. at Prayer for Relief. Plaintiff's opposition appears to concede that his complaint does not plead a claim for punitive damages, stating that he "has not yet amended his Complaint to incorporate the punitive damages to which he and other members are entitled" and that the issue is not yet ripe for the Court's consideration. Opp'n at 21.

Accordingly, the Court **GRANTS** as unopposed defendant's motion to dismiss plaintiff's prayer for punitive damages, with leave to amend.

### V. CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **GRANTS** defendant's motion to dismiss as to Claims 1, 2, 4, and 5 of the complaint, with leave to amend.

2. The Court **GRANTS IN PART** defendant's motion to dismiss as to Claim 3, to the extent that plaintiff's claim rests on a violation of the CLRA or FAL, with leave to amend. The motion is **DENIED IN PART**, to the extent that Claim 3 rests on violation of § 1749.5.

3. The Court **GRANTS** as unopposed defendant's motion to dismiss plaintiff's prayer for punitive damages, with leave to amend.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |