UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                        Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. [18], filed February 12, 2021)

## I.      INTRODUCTION

On August 7, 2020, plaintiff Jason Rothman filed a class action complaint in Los Angeles Superior Court against defendant Equinox Holdings, Inc. and Does 1 through 100. Dkt. 1-1. Defendant removed the action to this Court on October 23, 2020. Dkt. 1. In brief, plaintiff alleges that defendant's membership agreement with members of its Equinox branded fitness clubs (the "Equinox clubs") contains false and misleading representations that members would receive monetary refunds of any prepaid membership dues for periods during which the Equinox clubs are closed, but failed to issue monetary refunds when Equinox clubs were closed due to the COVID-19 pandemic.

Plaintiff's complaint asserted five claims for relief for violations of California's unfair competition, false advertising, and consumer protection statutes. (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA"); (2) violation of the California False Advertising Law, Cal. Bus. & Prof. Code §§17500, et seq. ("FAL"); (3) unlawful business practices within the meaning of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"); (4) unfair business practices within the meaning of the UCL; and (5) deceptive business practices within the meaning of the UCL. On October 30, 2020, defendant filed a motion to dismiss each of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 8. On January 13, 2021, the Court granted defendant's motion to dismiss each of plaintiff's CLRA, FAL, and UCL claims based on defendant's alleged misrepresentations. Dkt. 14 ("MTD Order"). The Court also granted defendant's motion to dismiss plaintiff's claim under the UCL's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

unlawful prong to the extent premised on violations of the CLRA or FAL, but denied the motion with respect to plaintiff's claim premised on a violation of California Civil Code § 1749.5. <u>Id.</u>

Plaintiff filed a first amended complaint on January 22, 2021. Dkt. 15 ("FAC"). The FAC asserts the same five claims for relief for violations of the CLRA, FAL, and UCL that were previously alleged in the complaint. <u>See generally</u> <u>id.</u>

On February 12, 2021, defendant filed a motion to dismiss the first amended complaint. Dkt. 18 ("Mot."). On March 22, 2021, plaintiff filed an opposition. Dkt. 19 ("Opp'n"). Defendant filed a reply on March 29, 2021. Dkt. 21 ("Reply").

The Court held a hearing on April 12, 2021. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following facts in the FAC. In addition, the Court recites certain facts put forward by the parties in connection with defendant's Rule 12(b)(1) motion, for purposes of background.

### A. The Parties

Plaintiff Rothman is an individual member of defendant's Glendale, California Equinox club. FAC ¶ 15. Plaintiff alleges that, in exchange for access to the Equinox club, he pays defendant monthly membership dues of $169.00. FAC. ¶ 15

Defendant Equinox Holdings, Inc. is a Delaware corporation, headquartered in New York City, that—through subsidiary clubs—provides fitness services at Equinox clubs on a membership basis. FAC ¶ 18. Defendant currently operates more than 100 subsidiary Equinox clubs in the United States, which it advertises as "high-end gym[s]" that offer a range of personalized services, "including personal training sessions, curated nutrition and regeneration programs, private Pilates sessions, and signature group fitness classes." FAC ¶ 20. Plaintiff alleges that defendant directs all operations of the subsidiary Equinox clubs, including membership offerings and dues, refund policies, and gift card offerings. FAC ¶ 21. The Doe defendants are allegedly "in some manner proximately responsible for" plaintiff's injuries. Compl. ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title    | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

### B. Membership Terms

Plaintiff alleges that all members must enter into an Equinox Membership Agreement with defendant and prepay their monthly membership dues in order to use the Equinox clubs.  FAC ¶¶ 23, 24.  Equinox club members are generally required to commit to a twelve-month membership term, which thereafter renews on a month-to-month basis until terminated with 30 days' notice.  FAC ¶ 22.  Plaintiff alleges that membership dues are automatically charged on a fixed date each month, "*via a periodic credit card charge or electronic funds transfer from a bank account.*"  FAC ¶ 3.

The Equinox Membership Agreement allegedly provides that "members are entitled to a refund of membership dues if the [Equinox clubs] were to physically close.  FAC ¶ 25.  Specifically, plaintiff alleges that the agreement "notes this eventuality and specifically," and represents as follows:

> In deciding whether to make payments on an installment basis, Buyer should be aware that if the Club closes, although the Club will remain legally liable to Buyer for a refund, Buyer may risk losing his or her money if the Club is unable to meet its financial obligations to Members.

FAC ¶ 25.  Plaintiff alleges that, through that representation, "Defendants warranted and advertised that members would receive refunds" if the Equinox clubs closed.  FAC ¶ 26. Defendant allegedly knew or should have known that stated refund policy was misleading because defendant "do[es] not provide such refunds."  FAC  ¶¶ 49, 59.  Plaintiff further alleges that he and other members of the class "were among the intended targets" of defendant's representations regarding its refund policy and that, prior to entering into his Equinox club membership agreement, "Plaintiff Rothman read and relied on the language in the membership agreement, including the language indicating that the club would remain liable to refund him his unused membership dues in the event the club closed."  FAC ¶ 50, 59.

### C. Closure Due to COVID-19

Plaintiff alleges that on March 16, 2020, defendants announced that all Equinox clubs in California would be closed indefinitely, effective March 17, 2020, due to the impact of the COVID-19 pandemic in California.  FAC  ¶ 5.  Subsequently, on March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 (the "Stay at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

Home Order"), which "required all gyms and fitness facilities to close until further notice" and remained in effect until June 2020.  FAC ¶ 28.

Plaintiff alleges that in response to the closures, defendant announced that "all Equinox Memberships would be 'frozen' as of March 17, 2020," such that no additional payments would be required until the Equinox clubs reopened.  FAC ¶ 5.  Plaintiff further alleges that defendant's membership freeze did not include a "plan[] to provide refunds" for the membership dues members had prepaid for use of the Equinox clubs in March, 2020, which included dues for "periods during which [the Equinox clubs] were closed." FAC ¶ 5.  Plaintiff avers that, under the terms of the Equinox Membership agreement, he and other members were "entitled to a refund for any portion of their membership dues during which the [Equinox clubs] were closed" but that defendant "did not provide any monetary refund as they were required and as was previously represented" under that agreement.  FAC ¶ 30.  Further, defendant has allegedly refused requests by members, including plaintiff, to refund them for unused time.  FAC  ¶ 5.  Plaintiff alleges that defendant "would only issue a gift card for future goods and services" as compensation for the period during which the club was closed, "instead of a monetary refund."  FAC ¶ 31. The gift cards issued by defendant on June 16, 2020, carried an expiration date of November 19, 2020, which plaintiff alleges "is a violation of California Civil Code, section 1749.5."  FAC ¶ 31.

Plaintiff alleges that defendants also did not "provide any monetary refunds for their members' monthly membership dues" when the Equinox clubs were again "closed due to COVID-19" in July 2020.  FAC ¶ 33.  Specifically, the complaint explains that defendant collected six weeks of membership dues on June 25, 2020, and, "[w]eeks later, Equinox closed its doors yet again and retained members' prepaid dues without reimbursing members for the unused portion of their membership dues."  FAC ¶ 8.

With respect to his own membership, plaintiff alleges that he read and reviewed the terms of the Membership agreement, including "the refund guarantee," before agreeing to be bound by its terms.  FAC ¶ 15.  Plaintiff avers he had prepaid his March membership dues at the time that the Equinox clubs were closed, and that "[d]efendants did not refund the portion of [p]laintiff's March monthly membership dues" covering the period during which the Equinox clubs were closed.  FAC ¶ 16.  In lieu of a refund, however, defendant allegedly provided plaintiff with a "gift card for the amount of $84.19 that can be used at Defendants' businesses but may not be used for future membership dues," and which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | | Date | April 27, 2021 |
|---|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | | |

carried an expiration date of November 19, 2020.  FAC  On June 25, 2020, plaintiff "wrote to his Equinox Club and asked that his Gift Card of 84.19 be applied to the six weeks of Membership Dues that Defendant charged him on June 25 because he understood […] that the unused portion of this membership dues should be refunded to him."  FAC ¶ 16.

**D. The Parties' Jurisdictional Allegations**

In support of its Rule 12(b)(1) motion, defendant presents a declaration from Azeem Sheikh, the general manager of the Equinox fitness club in Glendale, California, where plaintiff is a member.  Dkt. 18-1 ("Sheikh Decl.").  Plaintiff submits his own declaration in support of his opposition to the Rule 12(b)(1) motion.  Dkt. 20 ("Rothman Decl.").

In his declaration, Sheikh confirms that defendant received a June 25, 2020 request from plaintiff to apply his $84.19 gift card as a credit toward his membership dues.  Sheikh Decl. ¶ 7.  Specifically, Sheikh states that he received an email from plaintiff asking that defendant (1) freeze his membership account; (2) issue a refund of $262.53 in June and July membership dues that had been charged after the club reopened, and (3) apply "a refund in the amount of [plaintiff's] credit in the amount of $84.19" such that it would "go towards [plaintiff's] membership fee." Sheikh Decl. ¶ 7.  Sheikh further attests that on July 3, 2020, he personally "submitted instruction to Equinox member services staff to freeze Mr. Rothman's account, refund his $262.53 for June and July, and reissue his $84.19 March credit so that it would apply to his membership dues."  Sheikh Decl. ¶ 10.

On July 4, 2020, plaintiff exchanged emails Sheikh, requesting that his "gym membership [] not be put on hold," despite his previous request, and reiterating his displeasure with his "unused membership dues going to a gift card instead of being applied back towards my membership."  Rothman Decl. ¶ 14, Exh. E.  Sheikh states that on or about July 6, 2020, he discussed his handling of the $84.19 March gift card with Rothman in-person at the Glendale club, and informed plaintiff that the "$84.19 March credit [would] be applied to his future dues" but could take some time to process.  Sheikh Decl. ¶ 18.  However, plaintiff states that he does not recall discussing the $84.19 gift card with Sheikh in person. See Opp'n at 5; Rothman Decl. ¶ 16.

Defendant's internal customer records reflect that on July 24, 2020, plaintiff's $84.19 gift card was reissued "as a non-expiring credit to Mr. Rothman's dues account." Sheikh Decl. ¶¶ 12-13. Rothman states that he was not notified that the non-expiring credit was issued in July 2020, and that he did not receive a refund to his method of payment—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

an American Express account—at that time. Rothman Decl. ¶¶ 17-18. On February 12, 2021, defendant refunded $188.13 in "post-closure dues" to plaintiff's American Express account. Sheikh Decl. ¶ 24; Rothman Decl. ¶ 21.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction" possessing the power to hear cases only when "authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000).

Standing is a jurisdictional requirement, and the party invoking federal jurisdiction has the burden of establishing it for each of its claims and requested remedies. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 335 (2006) ("[A] plaintiff must demonstrate standing for each claim he seeks to press."). "To meet the constitutional threshold of Article III standing," the party invoking federal jurisdiction must allege that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [the defendant], and (3) that is likely to be redressed by a favorable judicial decision." Daniel v. Nat'l Park Serv., 891 F.3d 762, 766 (9th Cir. 2018) (citing Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016)).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a facial attack on jurisdiction is presented, the allegations in the complaint are presumed true, and "the challenger asserts that [those allegations] are insufficient on their face to invoke federal jurisdiction." Id. " By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. When resolving a factual attack on jurisdiction, "the court need not presume the truthfulness of the plaintiff's allegations and it may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Williams v. Facebook, Inc., No. 18-CV-01881-RS, 2019 WL 11794250, at *2 (N.D. Cal. Aug. 29, 2019) (publication forthcoming) (citing Safe Air, 373 F.3d at 1039); see also McCarthy v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

United States, 850 F.2d 558, 560 (9th Cir. 1988) (When considering a Rule 12(b)(1) motion challenging the substance of factual jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.).  Once a factual attach on jurisdiction has been presented through "affidavits or other evidence properly before the court," the party asserting jurisdiction "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air, 3737 F.3d at 1039.

**B.   Rule 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

In addition, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard governs claims that sound in fraud.[1] United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011). To adequately plead fraud with particularity, a party must identify "the who, what, when, where, and how of the misconduct charged." United States ex rel. Ebeid v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003)). The allegations of fraud must merely be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016). "[P]erhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1298 (3d ed. 2016).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

---

[1] Plaintiff concedes that his misrepresentation claims sound in fraud and are thereby subject to the heightened pleading standard of Rule 9(b). See Opp'n at 19 (citing Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) ("the factual circumstances of the fraud [] must be alleged with particularity.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                              'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Plaintiff alleges violations of the CLRA, FAL, and UCL. Defendant moves to dismiss the complaint on the grounds that plaintiff lacks Article III standing, advancing a factual argument that its handling of plaintiff's requests regarding his $84.19 March dues credit precludes a finding that "Equinox has caused [plaintiff] any injury-in-fact." Mot. at 5.

Defendant also moves to dismiss on the grounds that the complaint fails to state a claim for violation of the CLRA, FAL, or UCL on a number of grounds, including that defendant's statement regarding refunds in the Equinox Membership agreement is not an actionable misrepresentation, both because it does not guarantee and automatic refund and because it presents a non-actionable legal opinion, that the alleged misrepresentation was not material, and that plaintiff cannot plead knowledge of falsity.  See Mot. at 9-16. Defendant further argues that each of plaintiff's equitable claims are subject to dismissal because plaintiff has not alleged that he lacks an adequate remedy at law.  Id. at 16.

The Court addresses each motion in turn.

### A. Rule 12(b)(1) Motion

Defendant moves to dismiss the FAC in its entirety under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Rothman, the sole named plaintiff in this action, lacks Article III standing.  Defendant presents a factual challenge to plaintiff's standing, contending that plaintiff "indisputably has no injury-in-fact corresponding to his March dues" that was caused by defendant because the facts demonstrate that "Equinox applied the full amount of his pro-rated March dues as a non-expiring credit to his dues balance in exactly the way [p]laintiff requested." Mot. at 5. As such, defendant contends that plaintiff has not suffered an injury-in-fact that is fairly traceable to defendant's conduct.  See Reply at 2-3.  Defendant further contends that on its face, the FAC does not support standing because plaintiff does not "allege[] that [p]laintiff requested or that Equinox ever denied him a refund of March dues prior to filing suit."  Reply at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

In opposition, plaintiff contends that he possesses Article III standing because defendant did not refund his $84.19 in unused March dues to his method of payment and he was therefore injured as a result of defendant's conduct, irrespective of any dues credit that was issued.  Opp'n at 4.

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."  Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) (citing Simmonds v. Credit Suisse Sec. (USA) LLC, 638 F.3d 1072, 1087 n.6 (9th Cir. 2011)).  To meet the Article III standing requirement, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016).  An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (quotations and citations omitted). As noted above, as the party asserting standing, plaintiff bears the burden of establishing that these requirements are satisfied.  Because defendant mounts a factual attack on plaintiff's jurisdictional allegations, plaintiff must establish that he has standing to pursue his claims "with competent proof."  Williams, 2019 WL 11794250, at *3 (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)).

With respect to the factual attack on plaintiff's Article III standing, the Court concludes that plaintiff has met his burden.  Defendant's factual attack is founded on an argument that plaintiff suffered no injury-in-fact that is fairly traceable to defendant's conduct because defendant "applied the full amount of [plaintiff's] pro-rated March dues as a non-expiring credit to his dues balance in exactly the way [p]laintiff requested."  Mot. at 5.  That argument fails because it rests on a faulty premise: that plaintiff was made whole before filing this action when he asked for and received credit against his membership dues, despite his allegations that he was entitled to receive a full, automatic refund.  Even accepting defendant's evidence that plaintiff requested and received a dues credit, a dues credit is not a refund. Nor does the Court find any basis to determine at this juncture that plaintiff's request to apply the gift card to his membership dues waived or otherwise released his entitlement to receive a refund of his unused membership dues.

As such, the Court concludes that plaintiff has put forward "competent proof" establishing his Article III standing because plaintiff's evidence demonstrates that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

defendant did not refund his $84.19 in unused membership dues. Specifically, plaintiff puts forward evidence establishing that: (1) plaintiff was charged his monthly March membership dues of $174.00 on February 23, 2020; (2) in mid-March 2020, plaintiff's Equinox club closed in response to the COVID-19 pandemic; (3) at the time of the March closure, plaintiff had unused membership dues for March in the amount of $84.19, which were applied to his account on June 16, 2020 as a "gift card;" and (4) defendant did not refund plaintiff his $84.19 in unused membership dues, either automatically or in response to his June 25, 2020 request for a "refund in the amount of my credit in the amount of $84.19 […] to go towards my membership fee."[2] Rothman Decl. ¶¶ 5, 10-13, 17-18, Exhs. A, C. Those facts are sufficient to meet plaintiff's burden to demonstrate a monetary injury-in-fact that is fairly traceable to defendant's conduct (i.e. its failure to issue plaintiff a monetary refund).

Defendant contends that plaintiff's failure to simply request a refund to his method of payment, rather than a dues credit, demonstrates that plaintiff's injury is self-inflicted and thereby deprives him of standing. See Mot. at 7 – 8; see also Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales, 468 F.3d 826, 831 (D.C. Cir. 2006) (holding that "self-inflicted harm doesn't satisfy the basic requirements for standing" both because "[s]uch harm does not amount to an 'injury' under Article III"). In so arguing, defendant relies on a group of cases in which courts have found that plaintiffs who were eligible for a refund but failed to request one lacked injury caused by the defendant. See e.g. Taylor v. Fed. Aviation Admin., No. 18-CV-00035 (APM), 2019 WL 3767512, at *4 (D.D.C. Aug. 9, 2019) (no standing where plaintiff failed to seek refund of $5.00 registration fee from FAA); In Re McNeil Consumer Healthcare, 877 F.Supp.2d 254, 275-276 (E.D. Pa. 2012) (purchasers who were eligible for but did not seek a refund lacked standing because they could not "establish[] that they suffered an injury that is fairly traceable to the conduct of the defendants"); Bandler v. Town of Woodstock, No. 2:18-CV-00128, 2019 WL 5616956, at *6 (D. Vt. Oct. 31, 2019), aff'd, 832 F. App'x 733 (2d Cir. 2020) (class action "[p]laintiff could have obtained reimbursement of his $120 filing fee […] because he was the prevailing party. His failure to do so negates his standing because a self-inflicted harm

---

[2] Plaintiff further argues that, taking into account plaintiff's unused March dues and the portion of his $262.53 in June and July dues that were unused after the Equinox clubs closed again on June 13, 2020, defendant "still retains $7.01 of Mr. Rothman's funds," even after it issued plaintiff a $188.13 refund on February 12, 2021. Opp'n at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

is not a *de facto* injury."). However, each of those cases—and the remaining cases cited by defendant—are distinguishable from the present case because they did not address an alleged injury due to a failure to provide a refund triggered by a particular event—here, "if the Club closes." See FAC ¶ 47. In this case, to the contrary, plaintiff contends that defendant represented that he would automatically receive a refund if his Equinox club closed and injured him by failing to deliver that automatic refund. Opp'n at 13.

The Court does not agree with defendant that a failure to specifically request a refund after the club closed, triggering defendant's obligation to provide a refund, demonstrates that plaintiff's injury is "self-inflicted" and therefore not attributable to defendant. Moreover, to the extent that defendant seeks a determination that it did not promise plaintiff an automatic refund, and therefore that that plaintiff's failure to seek a refund deprives him of standing, the Court finds that argument too "intermeshed with the merits of this action" to provide an appropriate basis for dismissal under Rule 12(b)(1). See Philips v. Ford Motor Co., No. 14-CV-02989-LHK, 2016 WL 693283, at *15 (N.D. Cal. Feb. 22, 2016) (declining to resolve disputed jurisdictional facts regarding design of allegedly defective vehicles because "Ford's standing argument involves factual disputes that implicate the merits of the California Plaintiffs' claims") (citing Kingman Reef Atoll Invs., L.L.C. v. U.S., 541 F.3d 1189, 1196–97 (9th Cir. 2008)). Accordingly, the Court finds that defendant's factual attack on plaintiff's Article III standing fails.

Defendant also contends that plaintiff lacks Article III standing as a facial matter because plaintiff does not allege that he "requested or that [defendant] denied him a refund of March dues prior to filing suit" and therefore has not suffered "injury-in-fact caused by Equinox." Reply at 2. Taking the allegations in the FAC as true for purposes of defendant's facial attack, see Williams v. Facebook, Inc., No. 18-CV-01881-RS, 2019 WL 11794250, at *5 (N.D. Cal. Aug. 29, 2019), the Court finds that plaintiff has alleged facts sufficient to demonstrate that he has suffered an injury-in-fact that is fairly traceable to defendant's conduct. Specifically, the FAC alleges that plaintiff possessed an economic interest in his unused March membership dues and was injured with respect to that interest when, instead of issuing plaintiff a refund, defendant provided him with a digital gift card in the amount of his unused membership dues. FAC ¶¶ 6, 16. Plaintiff alleges that defendant's issuance of the gift card "violated the provisions of the membership agreement" under which defendant was "required to provide a monetary refund for any periods during which their clubs are closed." Id. ¶ 7. Plaintiff further alleges that defendants again "refused to provide a monetary refund for periods during which [the]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title    | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

Equinox-branded Fitness Clubs were closed due to COVID-19" beginning in July 2020. Id. ¶ 33. As such, the Court concludes that plaintiff has adequately alleged Article III standing as a facial matter.

Consequently, the Court **DENIES** defendant's motion to dismiss for lack of Article III standing.

### B. Rule 12(b)(6) Motion

#### a. Misrepresentation Claims Brought Pursuant to the UCL, FAL, and CLRA

Plaintiff's claims for violation of the CLRA, the FAL, and the UCL's "fraudulent" and "unfair" prongs are each premised upon the allegation that defendant fraudulently misrepresented to consumers that it would provide a refund of unused membership dues in the event that an Equinox club closed, and failed to provide timely refunds when Equinox clubs were closed due to COVID-19. Defendant contends that each of these claims fails because plaintiff fails to allege facts showing that defendant's representations were false or misleading statements of fact. Mot. at 9.

The UCL, FAL, and CLRA each prohibit deceptive and unfair business practices. The UCL prohibits "any unlawful, unfair[,] or fraudulent business act or practice and unfair deceptive, untrue[,] or misleading advertising." Cal. Bus. and Prof. Code § 17200. The FAL prohibits dissemination of advertising that is "untrue or misleading" and which the defendant knew or reasonably should have known was untrue and misleading. Cal. Bus. and Prof. Code § 17200. "Any violation of the FAL necessarily violates the UCL." Moore v. Mars Petcare US, Inc., 966 F.3d 1007, 1016 (9th Cir. 2020) (cleaned up). Finally, "the CLRA prohibits unfair methods of competition and unfair or deceptive acts or practices." Id. (quoting Cal. Civ. Code § 1770).

Misrepresentation claims brought pursuant to the UCL, FAL, and CLRA are each judged against the same "reasonable consumer" test, which asks whether "members of the public are likely to be deceived" by the alleged misrepresentation. Williams v. Gerber Prod. Co., 552 F.3d 934, 938 (9th Cir. 2008) (quoting Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir.1995)). To state a claim alleging a deceptive or misleading business practice under these statutes, a plaintiff "must show that members of the public are likely to be deceived." Moore, 966 F.3d at 1017 (quoting Williams, 552 F.3d at 938). This standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL              'O'

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

requires plaintiff to show "more than a mere possibility" that the alleged misrepresentation "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal.App.4th 496, 129 Cal.Rptr.2d 486, 495 (2003)) "Rather, the reasonable consumer standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Id.

"California laws prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Moore, 966 F.3d at 1017 (internal quotations omitted). In most circumstances, "whether a business practice is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Williams, 552 F.3d at 938. However, "a representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1162 (9th Cir.2012) (quoting Lavie, 129 Cal.Rptr.2d at 494).

Here, the Court finds that plaintiff has adequately pled a misrepresentation with respect to the refund provision of his membership contract. Specifically, the FAC alleges that defendant represented in the Equinox Membership Agreement that: "Buyer should be aware that if the Club closes, although the Club will remain legally liable to Buyer for a refund, Buyer may risk losing his or her money if the Club is unable to meet its financial obligations to Members." FAC ¶¶ 25, 47, 59, 67, 73, 83. Plaintiff alleges that this language contained in the Equinox Membership Agreement constituted a "refund guarantee" that would have misled a reasonable consumer to believe that the club would "provide a monetary refund for any period during which their clubs are closed." Id. ¶¶ 7, 26. Notably, the language of the Equinox Membership Agreement, which the FAC incorporates, does not contain any requirement that a member demand a refund from defendant in order to receive one. See generally dkt. 18-2. Plaintiff specifically pleads that prior to agreeing to be bound by the terms of the Equinox Membership Agreement, he read and relied on the refund guarantee and understood that defendants "recognize that their members are entitled to a refund of membership dues if the Equinox-branded Fitness clubs were to physically close." Id. ¶¶ 25-26. Plaintiff alleges that, after the clubs closed in March 2020, due to COVID-19, members "expected […] that they would be refunded the unused portion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title    | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

their membership dues" based on defendant's representation that members were entitled to a refund, but defendants "would only issue a gift card for future goods and services instead of the promised refund." Id. ¶¶ 29-31. Plaintiff further alleges that defendant "do[es] not provide [..] refunds" in the event of club closures and, as such, that it knew or should have known that the refund statement in the Equinox Membership Agreement was likely to mislead a reasonable consumer. Id. ¶¶ 47, 49, 83. Those allegations are sufficient to state a misrepresentation claim.

Defendant argues that each of plaintiff's misrepresentation claims must be dismissed because plaintiff does not allege "any representation that refunds would be automatic" and, at most, the statement that "if the Club closes […] the Club will remain legally liable to Buyer for a refund" is a non-actionable statement of legal opinion. Mot. at 9-12. Specifically, defendant contends that even though the Equinox Membership Agreement's "refund language is the basis of his case, there is in fact nothing in [p]laintiff's agreement that promises, states, or even implies that a closure will result in the issuance of refunds on an automatic basis without a request by a member." Mot. at 9. Those arguments miss the mark. The UCL, FAL, and CLRA do not limit claims for misrepresentation to affirmative untrue statements; instead, those statutes prohibit both representations that are false and a broader category of representations that have "a capacity, likelihood[,] or tendency to deceive or confuse the public." Colgan v. Leatherman Tool Grp., Inc., 135 Cal.App. 4th 663, 683 (2003) (internal quotations omitted); see also Williams, 552 F.3d 934 at 938. Here, although the Court acknowledges that the Equinox Member Agreement does not expressly state that refunds with be issued "automatically," the agreement does not contain any language requiring members to affirmatively request a refund. Plaintiff has specifically alleged that the refund provision in the agreement was misleading because it suggested that defendant was required to issue a refund in the event of a club closure, without further action by the member, unless it became financially unable to do so. FAC ¶¶ 7, 73. As such, the Court finds that plaintiff sufficiently alleges that defendant's statement that it "will remain legally liable to buyer for a refund," which is not conditioned on the buyer taking any additional action, would likely mislead a reasonable consumer to believe that defendant would issue him a refund even if he did not affirmatively request one (i.e. automatically). Nor is a statement that "if the Club closes [defendant] will remain legally liable to Buyer for a refund" a mere prediction or opinion regarding uncertain future events; it is a promise regarding the import of particular factual circumstances, namely that when a club closes—as plaintiff alleges his has—consumers will be entitled to receive a refund. See Rhodeman v. Ocwen Loan Servicing, LLC, No. EDCV182363JGBKKX, 2019

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

WL 5955368, at *13 (C.D. Cal. Nov. 12, 2019) (misrepresentations related to matters of law that include express or implied misrepresentations of fact are susceptible to "relian[ce] upon the misrepresentation of fact to the same extent as though it were any other misrepresentation of fact.") (quoting Johnson v. Wal-Mart Stores, Inc., 544 F. Appx 696, 698 (9th Cir. 2013). As such, the Court finds defendant's arguments that the refund provision is not an actionable misrepresentation unavailing.

Furthermore, the two prior decisions by this Court upon which plaintiff relies, Rice v. Sunbeam Prod., Inc., No. CV 12-7923-CAS-AJWX, 2013 WL 146270 (C.D. Cal. Jan. 7, 2013) and Spiegler v. Home Depot U.S.A., Inc., No. CV 07-4428 CAS AJW, 2008 WL 2699787 (C.D. Cal. June 30, 2008), do not compel a different outcome. In Rice, plaintiff brought suit under the UCL, CLRA, and FAL on a products liability theory, alleging that defendant's representations that its Crock-Pot was "fit for household use and could be left unattended for extended periods of time" would "deceive a reasonable consumer into believing that the base of the device would not reach temperatures that could cause burns during normal use." Rice, 2013 WL 146270 at *5-6. Unlike in this case, where plaintiff has adequately pled how defendant's representation suggested that he was entitled to a refund, the Court concluded in Rice that plaintiff failed to plausibly explain how representations regarding "safe all day cooking" would be understood by a reasonable consumer "to be a representation regarding the temperature of the exterior of the Crock-Pot." Id. In Spiegler, plaintiffs contended that defendant overcharged them for home installation services because defendant did not adjust the fixed-price plaintiffs agreed to following an initial sales estimate to account for subsequent, allegedly more accurate, in-home measurements. The Court found that plaintiffs had failed to point to *any representation* that would lead a reasonable consumer to believe that defendant would modify its contract selling price upon determining that measurements of plaintiffs' home differed from those that were estimated at the time of purchase. Spiegler, 2008 WL 2699787 at * 7. As such, Spiegler stands in contrast to plaintiff's allegations here that he was promised a refund in the event that his Equinox club closed.

Likewise, the Court finds defendant's argument that the FAC fails to plead that the alleged misrepresentation was material unavailing. Defendant contends that it is implausible that a reasonable consumer would have anticipated a global pandemic and that "a question might arise about the pro-rata share of pre-paid monthly membership dues corresponding to periods during which the public health orders mandated the gym's closure." Under California law, a misrepresentation or fraudulent omission is judged to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

material if a reasonable consumer would "attach importance to its existence or non-existence" in determining whether or not to enter into the transaction in question. See Gold v. Lumber Liquidators, Inc., No. 14-CV-05373-TEH, 2015 WL 7888906, at *9 (N.D. Cal. Nov. 30, 2015) (quoting In re Tobacco II Cases, 46 Cal. 4th 298, 326-27 (2009)). Here, plaintiff has squarely alleged that he relied on defendant's representation that "members would receive refunds if their Equinox-branded Fitness Clubs closed" in "making his decision to do business with Equinox." FAC ¶ 26. Defendant's argument that those allegations are insufficient because plaintiff does not allege that he anticipated COVID-19 entirely miss the mark. The relevant question is not whether plaintiff could have anticipated that the club would close due to a global pandemic. It is whether plaintiff reasonably attached importance to the existence of a promise to refund his money in the event that the club closed, for any reason. As such, the Court concludes that plaintiff has sufficiently alleged that the existence of the refund provision was material to his purchasing decision.

Accordingly, defendant's motion to dismiss as to Claims 1, 2, 4, and 5 of the FAC is **DENIED**.

### b. Remaining UCL Claim

As noted above, plaintiff further alleges a claim pursuant to the UCL's unlawful prong based on defendant's alleged violations of the CLRA, the FAL, and California Civil Code § 1749.5. Compl. ¶¶ 56-63. The UCL's unlawful prong "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim" under the unlawful prong. Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). However, "a common law violation such as breach of contract is insufficient ... to state a claim under the unlawful prong of § 17200." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1044 (9th Cir. 2010).

In ruling on defendant's first motion to dismiss, the Court concluded that plaintiff's complaint stated a claim under the UCL's unlawful prong to the extent that his claim rested on violation of California Civil Code § 1749.5. MTD Order at 12-13. However, the Court dismissed plaintiff's unlawful prong claim to the extent founded on a violation of the CLRA or FAL, because the complaint failed to state a claim for violation of those statutes. Id. at 10. Here, because the Court finds that plaintiff has sufficiently pled violations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | | Date | April 27, 2021 |
|---|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | | |

CLRA and FAL, the Court finds that plaintiff has stated a claim under the UCL's unlawful prong for violation of those statutes.

Accordingly, defendant's motion to dismiss Claim 3 of the FAC is **DENIED**.

### c. Equitable Relief

Defendant moves to dismiss each of plaintiff's claims for equitable relief on the grounds that the FAC does not allege that plaintiff lacks an adequate remedy at law. Mot. at 16. Plaintiff has asserted numerous equitable claims, including claims for restitution pursuant to the UCL, CLRA and FAL and for injunctive relief. FAC at Prayer for Relief.

In support of its argument, defendant relies on the Ninth Circuit's recent decision in Sonner v. Premier Nutrition Corp., 971 F.3d 834 (9th Cir. 2020). In Sonner, the Ninth Circuit held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." Id. at 884 (citing Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)). As such, the court affirmed dismissal of plaintiff's CLRA and UCL claims, following voluntary dismissal of her sole state law damages claim on the eve of trail, on the grounds that the "operative complaint does not allege that Sonner lacks an adequate legal remedy." Id. Here, defendant contends that plaintiff has not pled, and is unable to plausibly plead, that he lacks an adequate remedy at law as to his claims for restitution or injunctive relief because the injury plaintiff claims is "purely monetary" and therefore "redressable by the legal remedy of money damages he seeks in connection with his CLRA claim." Mot. at 17.

The Court finds it premature at this stage of the litigation to determine whether plaintiff's alleged injuries have an adequate remedy at law. While acknowledging that Sonner was decided on the pleadings, the Court notes that, unlike Sonner, this matter is not currently on the eve of trial and that there is, at present, no pending motion for injunctive relief that would require the Court to determine the adequacy of plaintiff's legal remedies. See James ex rel. James Ambrose Johnson, Jr.1999 Tr. v. UMG Recordings, No. C 11-1613 SI, 2011 WL 5192476, at *5 n. 3 (N.D. Cal. Nov. 1, 2011) (finding plaintiff adequately alleged alternative theories of recovery for the same underlying conduct under the UCL and state contract law, and "that questions about the appropriateness of specific remedies are premature at this stage of the litigation); see also In re JUUL Labs, Inc., Mktg.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | | Date | April 27, 2021 |
|---|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | | |

Sales Practices, & Prod. Liab. Litig., No. 19-MD-02913-WHO, 2020 WL 6271173, at *55 (N.D. Cal. Oct. 23, 2020) (finding Sonner, where "plaintiff on the eve of trial sought to secure a bench trial under the UCL by forgoing CLRA damages claims," inapposite on motion to dismiss initial class action complaint, but granting leave to amend to further support claim to equitable restitution under the UCL and FAL.). Moreover, with respect to plaintiff's prayer for injunctive relief, the allegations in the FAC provide a basis for the Court to infer that plaintiff cannot, at this stage "quantify [his] actual damages for future harm" with any certainty; plaintiff cannot currently predict whether, when, or for how long defendant may be required to close the Equinox clubs in the future due to the ongoing COVID-19 pandemic. See IntegrityMessageBoards.com v. Facebook, Inc., No. 18-CV-05286-PJH, 2020 WL 6544411, at *7 (N.D. Cal. Nov. 6, 2020) (interpreting Sonner and declining to find that plaintiff possessed an adequate legal remedy for future harms).

Accordingly, defendant's motion to dismiss plaintiff's claims for equitable relief are **DENIED**.

### d. Punitive Damages

Finally, defendant argues that plaintiff fails to plead sufficient factual allegations to support his prayer for punitive damages in connection with his CLRA claim. Specifically, defendant argues that plaintiff is not entitled to punitive damages because he does not allege that "any individual committed willful and malicious conduct sinking to the standard of Civil Code section 3294(a)." Mot. at 17-18 (quoting Cal. Civ. Code § 3294(b) ("[w]ith respect to a corporate employer," the conduct "must be on the part of an officer, director, or managing agent of the corporation"). In opposition, plaintiff concedes that he had not alleged that any individual engaged in conduct that arises to "oppression, fraud, or malice," but argues that he is entitled to a "reasonable inference that companies are populated and run by people" and that because discovery has not yet commenced "it is impossible for [p]laintiff to know the names of particular officers involved with the conduct" at issue. Opp'n at 22-23. As such, plaintiff requests leave to conduct discovery regarding the identities "of the responsible individuals" and amend his punitive damages allegations.

Although federal courts apply California substantive law to claims for punitive damages under Cal. Civ. Code § 3294, the sufficiency of plaintiff's pleading is governed by the Federal Rules of Civil Procedure and federal law interpreting those rules. See Rees v. PNC Bank, N.A., 308 F.R.D. 266, 273 (N.D. Cal. 2015). "California's heightened pleading requirements for punitive damages conflict with, and are overruled in federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|----------|------------------------|------|----------------|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

court by, Federal Rules of Civil Procedure 8 and 9, the rules governing federal pleading standards." Alejandro v. ST Micro Elecs., Inc., 129 F. Supp. 3d 898, 917–18 (N.D. Cal. 2015) (internal citation omitted). To support a claim for punitive damages against a corporate employer based on the acts of its employees, however, a plaintiff must plead "the corporation's advance notification or ratification of the conduct" made "on the part of an officer, director, or managing agent of the corporation." N. Am. Co. for Life & Health Ins. v. Xiaocui Zhang, No. CV 18-01872 AG (FFMx), 2019 WL 1060616, at *3 (C.D. Cal. Jan. 3, 2019). That is because "a company simply cannot commit willful and malicious conduct—only an individual can." Robinson v. J.M. Smucker Co., No. 18-CV-04654-HSG, 2019 WL 2029069, at *6 (N.D. Cal. May 8, 2019).

Here, plaintiff does not plead sufficient facts to support an award of punitive damages because the FAC does not allege that "any individual committed willful and malicious conduct" or identify any officer, director or managing agent who was on advance notice or ratified such conduct. See Robinson, 2019 WL 2029069, at *6; see also Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc., No. 14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("Plaintiff's failure [] to include the names or titles of *any* individual actor is a fatal defect to its pleading of 'willful and malicious' conduct."); Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, No. 18-CV-00471-BAS-NLS, 2020 WL 1820124, at *8 (S.D. Cal. Apr. 10, 2020) (same).

Accordingly, defendant's motion to dismiss with respect to plaintiff's claim for punitive damages is **GRANTED**, with leave to amend.

**V.    CONCLUSION**

In accordance with the foregoing, the Court orders as follows:

1. The Court **DENIES** defendant's motion to dismiss the FAC for lack of Article III standing.

2. The Court **DENIES** defendant's motion to dismiss Claims 1, 2, 4, and 5 of the FAC.

3. The Court **DENIES** defendant's motion to dismiss Claim 3 of the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09760-CAS-MRWx | Date | April 27, 2021 |
|---|---|---|---|
| Title | JASON ROTHMAN V. EQUINOX HOLDINGS, INC. | | |

4. The Court **DENIES** defendant's motion to dismiss plaintiff's claims for equitable relief.

5. The Court **GRANTS** defendant's motion to dismiss plaintiff's claim for punitive damages, with leave to amend.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |