Trenton R. Kashima (SBN 291405)
tkashima@milberg.com
John J. Nelson (SBN 317598)
jnelson@milberg.com
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047

*Attorneys for Plaintiff*
*and the Putative Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ROTHMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUINOX HOLDINGS, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-09760-CAS-MRW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT EQUINOX HOLDINGS, INC.'S STATUS REPORT REGARDING DIRECT NOTICE TO CLASS MEMBERS**<br><br>Date:    February 24, 2025<br>Time:    10:00 a.m.<br>Judge:   Hon. Christina A. Snyder<br>Ctrm:    Courtroom 8D |

1 | Pursuant to Fed. R. Civ. Pro. 23(c)(2)(B), Plaintiff respectfully submits Response to Defendant Equinox Holdings, Inc.'s Status Report Regarding Direct Notice to Class Members (ECF No. 113):

As an initial matter, Defendant does not dispute the language in the proposed Class Notices (*see* ECF No. 101-1 to 101-3) or Class Notice Plan proposed. *Compare* Plaintiff's Motion for Approval of Class Notice, ECF No. 101, *with* Defendant's Response to Plaintiff's Motion for Approval of Class Notice, ECF No. 104. Instead, Defendant only disagrees regarding the list of individuals that should be provided Class Notice. Defendant has provided Membership Agreements for all California-based Equinox Members who received the COVID credit at issue. Plaintiff agreed to parse this list, in order to provide notice to only those Equinox Members whose Membership Agreements contained a specific "Refund Clause" or whose Membership Agreement was not provided. *See* Plaintiff's Reply in Support of Class Notice, ECF No. 106 (outlining the process for identifying Class members). The parties agree this is proper because the Proposed Class only includes those individuals that had the "Refund Clause" in their Membership Agreements or "that have missing Membership Agreements during the relevant time period" given that is how the Class is defined. *See* Plaintiff's Motion for Class Certification, ECF No. 78, at p. 18:21-25; Stipulation Re Class Certification, ECF No. 93 (Defendant did not oppose class certification). This is largely a technical issue that can be resolved in a reasonable timeframe, if ordered by the Court. Accordingly, Plaintiff disagrees that this issue should be further delayed.

Plaintiff generally agrees with Defendant's recitation of the parties of the meet and confer efforts. However, it is important to add some additional context. Plaintiff provided his proposed class list on January 3, 2025. On January 16, 2025, the parties' counsel had a discussion regarding Plaintiff's proposed case list, including some of the potential issues that may affect its accuracy, such as redacted, missing, and incorrect Member Numbers on the Membership Agreements. Plaintiff used the Member Numbers on the Membership Agreements, but it was later disclosed by Defendant that the proper

1

RESPONSE TO STATUS REPORT                                        CASE NO.: 2:20-CV-09760-CAS-MRW

Member Numbers could also be found in the name of the electronic files, which contain the Membership Agreements. These electronic folder numbers seemed to be more accurate. This, of course, altered Plaintiff's analysis. Plaintiff asked for clarification on these issues after the parties' January 16, 2025 meet and confer call. A response would not come until February 19, 2025, raising the issues identified in Defendant's Status Report, only shortly before the February 24, 2025 hearing. Obviously, Plaintiff and his expert have only had limited time to review the data provided but believe that the concerns represent only technical issues with the OCR process that can be easily resolved.

Given the pace of the parties' previous meet and confer efforts, Plaintiff is concern about any further delay in noticing the Class. There must be some finality to this process. Accordingly, Plaintiff requests that the Court hold the currently scheduled February 24, 2025 Hearing and enter the Revised Proposed Order (ECF No. 106-1) previously provided by Plaintiff on November 26, 2024. This Revised Proposed Order specifically provides a reasonable thirty-day time period to allow the parties to resolve any dispute regarding the Class list:

> It is FURTHER ORDERED as follows:
> …
> (2) the parties are to meet and confer regarding the provision of the Class Members' contact information to the Notice Administrator within seven (7) days of this Order and Defendant will provide such contact information to the Notice Administrator within sixty (60) days of this Order;
> (3) if the parties have any disagreement regarding the provision of the Class Members' contact information to the Notice Administrator, the parties will file a joint motion explaining their disagreement, not more than ten (10) pages, within thirty (30) days of this Order;

ECF No. 106-1 (Plaintiff's Revised Proposed Order). If Defendant believes that more time is needed, they can ask the Court to amend the appropriate provisions of the above Revised Proposed Order. But there is no reason to delay entering the Order at this juncture.

Moreover, as a practical matter, under Federal Rule of Civil Procedure 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Class notice must afford potential class members the ability to "make an informed decision about their participation [in the litigation]." Manual for Complex Litigation (Fourth) § 21.311 at 289 (2004) ("Manual"). Given the due process concerns involved, it is appropriate for the Court to err on the side of providing over-exclusive notice. Indeed, noticing individuals who were members of the Equinox Gym, and received a credit for the COVID related club closures at dispute, who may not have the "refund clause" in their Agreement is not inappropriate. *Macarz v. Transworld Systems, Inc.*, 201 F.R.D. 54, 60–61 (D. Conn. 2001) (Even if the individual class notice is to an overinclusive list of class members may be proper if the list "indisputably contain[s] the universe of class members."). Indeed, it is undisputed that the universe of individuals within the data set provided by Defendant, which is being parsed by Plaintiff's expert for notice purposes, contains potential class members. Thus, Defendant's concerns regarding direct notice are overstated.

Dated: February 21, 2025

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

/s/ Trenton R. Kashima
Trenton R. Kashima
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
Tkashima@milberg.com

|   |   |
|---|---|
| 1 | |
| 2 | John J. Nelson |
|   | **MILBERG COLEMAN BRYSON** |
| 3 | **PHILLIPS GROSSMAN PLLC** |
|   | 402 West Broadway, Suite 1760 |
| 4 | San Diego, CA 92101 |
|   | Tel: (619) 810-7050 |
| 5 | Jnelson@milberg.com |

John J. Nelson
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 810-7050
Jnelson@milberg.com

Jason J. Thompson
**SOMMERS SCHWARTZ P.C.**
1 Towne Square, Suite 1700
Southfield, MI 48076
Tel: (248) 355-0300
Jthompson@sommerspc.com

Mark L. Knutson (SBN 131770)
(Of Counsel)
FINKELSTEIN & KRINSK LLP
567 Gage Lane
San Diego, CA 92106
Tel: (619) 238-1333
Fax: (619) 228-4488
mlk@knutson-law.com

*Attorneys for Plaintiff and the Class*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 21, 2025 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Trenton R. Kashima*
Trenton R. Kashima